```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

JACQUELINE BOGNEY,              §
                                §
     Plaintiff,                 §
                                §
v.                              §   Civil Action No. H-20-4026
                                §
FIESTA MART LLC                 §
d/b/a Fiesta Mart #51,          §
                                §
     Defendant.                 §
```

MEMORANDUM AND ORDER

Pending is Defendant Fiesta Mart LLC's Motion for Summary Judgment (Document No. 11), to which Plaintiff Jacqueline Bogney filed a Combined Motion for Leave to File Response to Fiesta Mart LLC's Motion for Summary Judgment ("Motion for Leave"), and Response to Fiesta Mart LLC's Motion for Summary Judgment (Document No. 16).  Defendant then filed its Objection to Exhibit and Reply (Document No. 17).  After carefully considering the foregoing and applicable law, the Court finds that Defendant Fiesta Mart LLC is entitled to summary judgment.

I.   Background

This is a premise-liability suit.  Plaintiff, while shopping at a Houston Fiesta Mart, allegedly tripped and fell.  Plaintiff filed suit against Defendant as owner of the premises to recover

1

damages for the injuries she suffered. Defendant's summary judgment motion is now ripe for consideration.

## II. Motion for Leave

Defendant timely filed its motion for summary judgment to which Plaintiff initially did not respond. Then, several weeks later Plaintiff moved for leave to file a late response, claiming that Defendant did not serve a copy of the summary judgment motion on Plaintiff's counsel.[1] That is incorrect. The motion in fact was served electronically on Plaintiff's counsel of record, but Plaintiff's counsel apparently had left the Daspit Law Firm in April 2021.[2] However, he never sought leave of court to withdraw as Plaintiff's counsel nor did the Daspit Law Firm cause any other attorney to substitute of record for Plaintiff.

Attorney Kiernan McAlpine, who belatedly filed a notice of Designation of Lead Counsel,[3] asserts that the failure to file a timely response was excusable neglect. This was not excusable neglect. When a lawyer departs a law firm leaving the client behind, the law firm should promptly see that new counsel is substituted and enters a timely appearance in a pending case. The

---

[1] Document No. 16 ¶ 2.

[2] Document No. 16-2 ¶ 5.

[3] Document No. 12.

2

better part of a full year expired before Mr. McAlpine made his appearance. Nonetheless, because Defendant does not oppose Plaintiff's request and because the Court had not yet considered Defendant's motion, Plaintiff's late-filed response is accepted.

### III. Evidentiary Objection

Plaintiff's one-page declaration is the only evidence she offers in opposition to summary judgment.[4] Defendant objects to the declaration under the sham affidavit doctrine because the declaration directly conflicts with Plaintiff's deposition testimony.[5]

"It is well settled that [the] court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996). In her deposition in May 2021, Plaintiff testified that she tripped on "a pipe coming out the floor[.]"

> Q. Okay. So you guys came to the -- the Fiesta, you finished all of your shopping, and then you went to the register to cash out and pay for your groceries, and that's when you fell?
>
> A. Yes, ma'am.
>
> Q. Okay. And you said you tripped and fell?

---

[4] Document No. 16-1.

[5] Document No. 17 at 1-2.

3

```
A.   Over the -- over the thing, whatever that was.  **A
     pipe out the floor right there**, where the cash
     register was.  I mean, when I fell, I...

Q.   Well, let me just ask you a question about that.
     You told me you tripped.  And what are you saying
     that you tripped on?

A.   On -- **there was a pipe coming out the floor** right
     there in between the cashier floor thing.

Q.   Okay.  What -- what kind of pipe are you talking
     about?

A.   All I don't know is, it was -- been sticking out
     the floor.  I don't know what -- I don't know what
     -- all I know is, I fell.  I wasn't looking at --
     I mean, I -- I was getting the groceries and putting
     it in my basket, and I -- I fell.  Bam[.]⁶
```

Contrary to her deposition testimony, Plaintiff's February 2022 declaration states:⁷

> 3. When I was walking out of the store, I tripped and fell over a cracked floor surface next to two metal objects that appeared to be washers.
>
> 4. The cracked floor surface and metal objects created an unlevel floor surface. My foot came into contact with the unexpected change in floor surface elevation, causing me to fall forward.
>
> 5. I did not see the unsafe and unlevel floor surface before I tripped.

Thus, instead of falling when she went to the register, or when she was putting groceries in her basket while checking out at the register, as she testified, Plaintiff in her Declaration claims she fell when walking out of the store.  Instead of tripping on a

---

⁶ Document No. 17-1 at 23:3-25 (emphasis added; ellipsis in original).

⁷ Document No. 16-1 ¶¶ 3-5.

4

pipe protruding from the floor at the location of the cash register, as she testified, Plaintiff in her Declaration claims it was a cracked unlevel floor surface that caused her to trip and fall forward when walking out of the store. Plaintiff offers no explanation as to the stark differences in *where* she fell in the store, *what* she was doing when she fell, and the *description* of the alleged dangerous condition that caused her to fall. Plaintiff asserts no opposition to Defendant's objection to her declaration.

Given the lack of explanation for the contradictions pertaining to the alleged tripping hazard, the Court sustains Defendant's objection to the declaration and strikes paragraphs 3, 4, and 5 of her declaration from the summary judgment record. *See* Hacienda Records, L.P. v. Ramos, 718 F. App'x 223, 235 (5th Cir. 2018) (holding that the district court did not abuse its discretion when it did not consider a declaration that impeached, without explanation, sworn testimony); *see also* Copeland v. Wasserstein, Perella & Co., Inc., 278 F.3d 472, 482-83 (5th Cir. 2002) (affirming the district court's rejection of an affidavit where the affidavit did not address discrepancies with prior testimony).

IV. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

5

entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986) (quotation marks omitted). The movant meets its initial burden by demonstrating "the absence of a genuine issue of material fact" and that it is entitled to judgment as a matter of law. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting Celotex, 106 S. Ct. at 2553).

Once the movant carries this burden, the burden shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 106 S. Ct. at 2553-54). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1).

6

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993).

## V.   Discussion

"Depending on the circumstances, a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." Occidental Chem. Corp. v. Jenkins, 478 S.W.3d 640, 644 (Tex. 2016) (citation omitted). When the injury results from "a contemporaneous, negligent activity on the property, ordinary negligence principles apply." Id. When the injury results from "the property's condition rather than an activity, premises-liability principles apply." Id. Here, the injury allegedly resulted from the property's condition,[8] and thus, Plaintiff's negligence claim is

---

[8] See Document No. 1-2 at ¶ 6; Document No. 16 ¶ 10.  Notably, Plaintiff makes no argument otherwise.

7

one for premises liability. *See* id.; United Scaffolding, Inc. v. Levine, 537 S.W.3d 463, 473 (Tex. 2017).

"Texas follows the established common law principle that 'an owner or possessor of property is not an insurer of the safety of those on the premises[.]'" Ardelean v. Wal-Mart, Inc., 838 F. App'x 852, 854 (5th Cir. 2020) (quoting Mellon Mortg. Co. v. Holder, 5 S.W.3d 654, 658 (Tex. 1999)). Thus, merely showing that a condition caused the plaintiff's injury is not enough to prove premises liability. Id. (citing Brookshire Grocery Co. v. Taylor, 222 S.W.3d 406, 408 (Tex. 2006)). Instead, to prevail on a premises-liability claim, "an injured invitee must establish four elements:

(1) the property owner had actual or constructive knowledge of the condition causing the injury;

(2) the condition posed an unreasonable risk of harm;

(3) the property owner failed to take reasonable care to reduce or eliminate the risk; and

(4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee."

McCarty v. Hillstone Restaurant Grp., Inc., 864 F.3d 354, 358 (5th Cir. 2017) (quoting Henkel v. Norman, 441 S.W.3d 249, 251-52 (Tex. 2014)). Defendant moves for summary judgment on the second element, contending that Plaintiff cannot show that the condition causing her injury posed an unreasonable risk of harm.

8

"A condition poses an unreasonable risk of harm for premises-defect purposes when there is a 'sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen.'" United Scaffolding, 537 S.W.3d at 472 (quoting Cty. of Cameron v. Brown, 80 S.W.3d 549, 556 (Tex. 2002)).  Here, both Defendant and Plaintiff exhibit in their briefs an unauthenticated photograph, shown below, and both argue from it.  Plaintiff's only evidence is her testimony of tripping on a pipe protruding from the floor at the check-out register.  Assuming that the "pipe" she tripped on was a washer depicted in the photograph below, this picture alone is insufficient to demonstrate that that the "pipe" posed a foreseeable harm to Fiesta Mart's customers.



Plaintiff argues that the "crack" in the floor surface shown in the photograph, formed a depression in the walking area, creating the hazard with the adjacent washers but there is no admissible evidence that a depression existed or of the height variances, if any, between the washers, the floor, and the "crack." There is no evidence of the size and location of the "pipe" or of its likelihood to become a tripping hazard. There is no evidence that anyone else had tripped on the pipe, that the pipe was defective, that the pipe was unusual, or that the pipe's particular construction and placement would have served as a suggestion or

warning to Defendant that it presented a prohibited degree of danger.

In short, Plaintiff simply fails to provide evidence sufficient to raise a fact issue that Defendant's premises had a condition that posed an unreasonable risk of harm, and that such condition was a proximate cause of Plaintiff's alleged injury. *See, e.g.*, Ardelean, 838 F. App'x at 855 (affirming summary judgment, holding that a "less-than-one inch difference between two sections of pavement" was not an unreasonably dangerous condition); Seideneck v. Cal Bayreuther Assocs., 451 S.W.2d 752, 754-55 (Tex. 1970 (affirming a no evidence finding where "perhaps" there was "a glimmer of evidence to support the plaintiffs' position that the rug presented an unreasonable risk of harm[,]" the evidence was "so weak as to do no more than create a mere surmise or suspicion of its existence" such that the evidence would "not support a verdict or judgment"). Defendant is entitled to summary judgment.

VI.  Order

For the foregoing reasons, it is

ORDERED that Plaintiff Jacqueline Bogney's Motion for Leave to File Response to Fiesta Mart LLC's Motion for Summary Judgment (Document No. 16) is GRANTED, and Defendant Fiesta Mart LLC's Motion for Summary Judgment (Document No. 11) is GRANTED.

11

A Final Judgment will be entered separately.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 15TH day of March, 2022.

```
                          _____
                               EWING WERLEIN, JR.
                          UNITED STATES DISTRICT JUDGE
```